UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

CIVIL NO. 5:08-cv-00451-KKC

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.

DANIEL F. MOREHEAD and
LISA A. MOREHEAD and
RONNIE SIMS                                                                                       DEFENDANTS

## SUMMARY JUDGMENT AND ORDER OF SALE

This matter is before the Court on the motion of the United States for an entry of summary judgment against the defendants and for an order of sale. A complaint was filed with this Court and the summons and complaint was timely served on the defendants. The Court having reviewed the entire record herein, and finding that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law against the defendants in the subject property, and the Court being otherwise sufficiently advised,

It is HEREBY ORDERED and ADJUDGED that the plaintiff, United States of America, is granted summary judgment _in rem_ against all right, title and interests of the defendants, DANIEL F. MOREHEAD and LISA A. MOREHEAD and RONNIE SIMS, in the property described herein in the amount of $32,964.06 plus accrued interest in the amount of $17,009.15, for a total unpaid balance of $49,973.21, as of March 24, 2011, plus additional interest accruing at the daily rate of $6.7734 from March 24, 2011, plus interest on the Judgment amount (principal plus interest to the date of entry of this Judgment plus the interest credit subsidy granted) at the legal rate of interest in effect as of the date of this Judgment, computed daily and

compounded annually, until paid in full, and for the costs of this action.

> **BEING** lots 11, 12 and 13, Block "G", Hillside Terrace Subdivision to the City of Harrodsburg, a plat to which Subdivision is recorded in Deed Book 99, Page 123, records Mercer County Court Clerk's Office, and

> **BEING** the same property conveyed to Daniel F. Morehead and Lisa A. Morehead, husband and wife, by deed of Van L. Turner and Iva M. Turner, husband and wife, dated July 18, 1994, recorded in Deed Book 251, Page 90, records Mercer County Court Clerk's Office.

Pursuant to the Subsidy Repayment Agreement by and between the United States of America and the defendants, Daniel F. Morehead and Lisa A. Morehead, the United States may also recover a subsidy amount of $204.00 from the sale of the property in the event the property sells for more than the balance set out above.

It is FURTHER ADJUDGED by the Court that the aforesaid real estate is indivisible and cannot be divided without materially impairing its value or the value of the plaintiff's lien thereon and the real estate shall be sold as a whole.

It is FURTHER ORDERED that the real property shall be sold free and clear of any and all liens and encumbrances, except for restrictions and easements of record, zoning laws affecting the property, and any city, state, county or school ad valorem taxes which may be due and payable at the time of sale. The rights of all parties shall attach to the proceeds of the sale of the real estate in the same manner and with the same effect as they attach to the property prior to the sale.

It is FURTHER ORDERED that the United States Department of Agriculture, Rural Housing Service ("RHS") a/k/a Rural Development ("RD") f/k/a Farmers Home Administration ("FmHA"), be and it hereby is authorized and directed to offer for sale at public auction the

Property which is the subject of this action. Such public sale shall commence at a time and place to be announced after first being advertised no less than once a week for four (4) weeks in a newspaper of general circulation in the county in which the property is situated. Prior to the sale, Rural Housing Service ("RHS") a/k/a Rural Development ("RD") f/k/a Farmers Home Administration ("FmHA") shall have the Property appraised by a certified appraiser, who shall be duly sworn by law before entering upon such duties. Neither the appraiser nor anyone on his or her behalf may make a bid to purchase the Property. At the sale, no bids (except as to secured parties to this action) shall be accepted unless the same be accompanied by a deposit of at least ten percent (10%) of the amount of the bid. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) shall tender the balance of the purchase price to the Lexington Office of the United States Marshal for the Eastern District of Kentucky within ninety (90) days at no interest, following the date of the sale. Upon a default by the purchaser(s), the deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of the proceeds of sale; whereupon the Property shall again be offered for sale. The sale of the Property shall be subject to confirmation by the Court. Upon confirmation of the sale and the Marshal's receipt of the balance of the purchase price, a United States Marshal's Deed to the Property shall be delivered to the purchaser(s). Should the purchase price for the Property be less than two-thirds of its appraised value, the Deed shall contain a lien in favor of the defendants herein who are the chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Rural Housing Service ("RHS") a/k/a Rural Development ("RD") f/k/a Farmers Home

Administration ("FmHA") shall file of record herein its Report regarding the sale of the Property.

That the proceeds of said sale shall be subjected first to the payment of the costs of this action and sale, then toward satisfaction of the plaintiff's Judgment against the defendants, Daniel F. Morehead, Lisa A. Morehead, and Ronnie Sims, and thereafter as this Court shall direct.

That in order to conduct the foreclosure sale of the Property, as ordered herein, the United States shall have possession of the subject Property. Any persons now possessing or occupying the Property shall make the Property available for inspection upon reasonable notice by the United States; and all such persons now possessing or occupying the Property shall completely move out of the Property not later than thirty (30) days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon Motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property. Upon request of the United States Department of Agriculture, Rural Housing Service ("RHS") a/k/a Rural Development ("RD") f/k/a Farmers Home Administration ("FmHA"), or the attorney for the United States, The United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with this Judgment.

It is FURTHER ORDERED that after the real estate has been sold a report of sale shall be filed with this Court, which shall lay over for objections and exceptions for ten (10) days after filing of the report. If no objections or exceptions to the report of sale are filed within ten (10)

days after filing of the report, then the United States Marshal shall execute a Deed of Conveyance of the property sold to the purchaser, which shall be prepared by the United States Attorney in conformity with the report of sale, and shall tender the executed Deed of Conveyance to the Court for its approval and endorsement.  The Deed of Conveyance shall not be delivered to the purchaser of the property until such time as the sale has been confirmed by this Court, the Deed of Conveyance has been examined and approved by this Court, and the purchase price has been paid in full.

      This action is now continued for the report of sale, which shall lay over for objections and exceptions for ten (10) days after filing of the report, for approval of the deed of conveyance, for the final distribution of funds remaining in the custody of the United States Marshal, and for any other necessary orders.

      The Court reserves decision as to the priority of any liens inferior to the United States of America's lien until after the sale of the property described herein.

      This is a final and appealable Order.

Tendered by:

KERRY B. HARVEY
UNITED STATES ATTORNEY

cc:   AUSA
      U.S. Marshal
      Defendants